**AKERMAN LLP**
CAROLINE H. MANKEY (State Bar No. 187302)
caroline.mankey@akerman.com
CHRISTOPHER N. MCANDREW (State Bar No. 324759)
chris.mcandrew@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Plaintiff
Wahlburgers I, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAHLBURGERS I, LLC, a Massachusetts limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOSE DE LA CRUZ, an individual, BACKYARD BBQ VILLAGE, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**1.  INFRINGEMENT OF REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114**<br><br>**2.  FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(A)**<br><br>**3.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

/ / /

/ / /

1
COMPLAINT

77368704;2

# INTRODUCTION

1. Plaintiff Wahlburgers I, LLC ("Plaintiff" or "Wahlburgers") brings this action to protect its highly valuable intellectual property assets. Wahlburgers, a world-renowned fast-casual restaurant chain, was started by brothers Paul, Mark and Donald ("Donnie") Wahlberg in 2011 in Hingham, Massachusetts. Today, there are over 100 Wahlburgers locations worldwide that serve fresh and delicious food and feature images of the Wahlberg brothers in its signage, décor and marketing materials.

2. Defendants Jose De La Cruz and Backyard BBQ Village, Inc. (collectively, along with the fictitiously named defendants, "Defendants") are operating a business that blatantly infringes on the registered trademarks owned by Plaintiff and imitates Wahlburgers' trade dress and marketing materials by utilizing the names, images and likenesses of the Wahlberg brothers. Defendants' uses of Plaintiff's registered trademarks and imitation of Plaintiff's trade dress through the use of the Wahlberg brothers' names, images and likenesses are and were not authorized or approved by Plaintiff at any time.

3. Specifically, Defendants are using both the registered trademarks and the names, images, and likenesses of each of the brothers to sell food from trucks, trailers, and/or food stands in public places, including multiple County fairs in California. The following image is just one such example:



4. Plaintiff's demands that Defendants cease and desist their infringement have gone unheeded, leaving Plaintiff with no alternative but to file this action to protect its valuable trademarks and to prevent consumer confusion as to the source of Plaintiff's and Defendants' respective goods and services.

## PARTIES

5. Plaintiff Wahlburgers I, LLC is a Massachusetts limited liability company with a principal place of business at 350 Lincoln Street, Suite 2501, Hingham, Massachusetts 02043.

6. Defendant Jose De La Cruz is an individual and, on information and belief, resides in Las Vegas, Nevada, but does extensive business in Southern California, including Los Angeles County, where some of the events and injuries giving rise to this action occurred.

7. Defendant Backyard BBQ Village, Inc. is a corporation existing under the state laws of California and with a principal place of business at 12127 Mall Blvd., Suite 463, Victorville, CA 92392.

8. Plaintiff is presently unaware of the true names and capacities, whether individual, associate, corporate or otherwise of Defendants DOES 1 through 10, or any of them, and therefore sue them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of such fictitiously named Defendants when the same has been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants fictitiously named as DOE is legally responsible in some manner for the acts, omissions and events alleged herein and has proximately caused damages and injury to Plaintiff as herein alleged. Each reference in this Complaint to Defendants, or to a specifically named Defendant, refers also to all Defendants sued under fictitious names.

9. Plaintiff is informed and believes and based thereon alleges, that at all times herein mentioned, each Defendant, was and now is the agent, servant, employee, representative and/or alter ego of the other Defendants and, in doing the things hereinafter mentioned, was acting within the scope of his, her or its authority as such agent, servant, employee and/or representative with the permission and consent of Defendants, and actively participated in or subsequently ratified and adopted each of the acts or conduct alleged herein with full knowledge of each and every violation of Plaintiff's rights, and that Plaintiff's damages were proximately caused thereby.

## JURISDICTION AND VENUE

10. This case arises under the provisions of the Lanham Act (15 U.S.C. §§ 1051-1127). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1114 and 1125.

11. This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) because Defendants have a physical presence, including offices, warehouses, officers, and employees, in this District and the events giving rise to this action occurred in this district, namely the Defendants have, among other acts, marketed and sold in this District products and/or provided services using Plaintiff's trademarks without permission, constituting trademark infringement and unfair competition within this District.

## FACTUAL BACKGROUND

13. Wahlburgers began as a single restaurant in Hingham, Massachusetts. In 2011, the Wahlberg brothers started the restaurant to showcase Paul Wahlberg's love for cooking. The concept was simple: the Wahlberg family shared their most cherished memories at the dining table and wanted to share those moments with the world. The restaurant focused heavily on the Wahlberg family, featuring photographs of the brothers as part of its signage, trade dress, and advertising. Plaintiff has entered into a personality rights agreement with the three Wahlberg brothers, which agreement allows the use of (i) approved names and nicknames; (ii) approved photographic images; (iii) approved likenesses; and (iv) approved biographical and professional information solely as part of the interior appearance and interior décor of Wahlburgers restaurants, and as said interior appearance and décor may incidentally appear in and as part of Wahlburgers'-related advertising and marketing which depicts a physical Wahlburgers location (collectively, the "Personality Rights"), subject in each instance to the prior written approval of Mark, Donnie, and/or Paul and the prior written approval of the applicable third party for any material not owned by Mark, Donnie and/or Paul.

14. Based on the restaurant's success, cable network A&E produced a reality television series titled *Wahlburgers* showcasing the restaurant and the Wahlberg brothers in 2014. The show was a hit – receiving an Emmy nomination and lasting 10 seasons.

15. In 2014, Plaintiff franchised the WAHLBURGERS brand and a second restaurant location opened in Toronto, Ontario. To date, there are a total of over 100 WAHLBURGERS restaurants within the United States, Canada, Australia, and New Zealand.

16. With such success, Plaintiff sought to ensure that its rights were protected. Specifically, franchisees are required to sign franchise agreements establishing certain requirements for any authorized WAHLBURGERS restaurant, such as specific items to be featured on the menu, restaurant protocols and locations, use of the brand name and intellectual property, and branding/marketing obligations.

17. Wahlburgers is the registrant of numerous trademarks to protect the WAHLBURGERS brand. Its U.S. trademark registrations include, but are not limited to:

- **WAHLBURGERS** (Reg. Nos. 4328948, 4794363, 4589473, and 6201702) in Class 43 for restaurant services; Class 25 for Sweatshirts and t-shirts, Class 41 for entertainment services, and Class 9 for downloadable mobile applications for providing a customer loyalty program, and means to earn and use loyalty points, view special offers, order food, and locate stores;

- **Wahlburgers' stylized "W" logo** (Reg. Nos. 4637134, 4785703, 4785399, and 4785704) in class 43 for restaurant services, Class 9 for cell phone cases, Class 21 for drinking glasses, and Class 25 for hats, jackets, jerseys, sweatshirts, and t-shirts;

- **OUR FAMILY, OUR STORY, OUR BURGERS** (Reg. No. 4297131) in Class 43 for restaurant services.

Each of these trademarks (the "WAHLBURGERS Marks") has tremendous value and has become instantly recognizable and famous with the consuming public. Many of them have been registered for over five years and have acquired incontestable status. True and correct copies of the Trademark Registration Certificates for the

WAHLBURGERS Marks and of the Assignment of certain of the WAHLBURGERS Marks to Plaintiff are attached hereto as **Exhibit 1**.

18. On or around May 27, 2024, Plaintiff discovered that Defendants were impermissibly using the WAHLBURGERS Marks on a food truck/trailer at the Los Angeles Country Fair without Plaintiff's knowledge or permission. Specifically, Defendants constructed a food truck/trailer bearing giant, bright colored signage containing all three of the WAHLBURGERS Marks, as well as multiple reproductions of the names and photographs of Mark, Donnie and Paul Wahlberg, falsely portraying to the consuming public that Defendants were selling food products associated with or approved by Plaintiff. The signage and images were not, and would not have been, permitted or approved by Plaintiff and the posted menu even contained misspellings. Plaintiff captured the below images of the infringing food truck/trailer at the Los Angeles County Fair:




19. Among the WAHLBURGERS Marks used by Defendants on this infringing food truck/trailer were WAHLBURGERS, the stylized W logo, and OUR FAMILY, OUR STORY, OUR BURGERS®.

20. Defendants' unauthorized and unlawful use of the WAHLBURGERS Marks and the Wahlberg brothers' names, images and likenesses were undertaken to

confuse the public into believing that the food products being purchased were associated and/or approved by Plaintiff.

21. Upon discovering such infringement, Plaintiff sent a cease and desist letter to Defendants' purported business partner on June 3, 2024, demanding the immediate cessation of unauthorized use of the WAHLBURGERS Marks and the names, images and likenesses of the Wahlberg brothers on the food truck/trailer and provide all accounting for sales related to such activity. (the "Letter").

22. Despite this, Defendants continued to use the WAHLBURGERS Marks and the Wahlberg brothers' names, images, and likenesses on food trucks, trailers, and/or stands at fairs. On or about July 5, 2024, Plaintiff discovered that Defendants again used the infringing signage and imagery to sell food at the San Diego County Fair. Plaintiff captured the below images of the infringing food truck/trailer at the San Diego County Fair:



23. The signage on Defendants' food truck/trailer at the San Diego County Fair contained the WAHLBURGERS, stylized W logo, and OUR FAMILY, OUR STORY, OUR BURGERS® trademarks, as well as multiple uses of the brothers' names, images, and likenesses to promote and sell their food products.

24. Plaintiff has never given Defendants any permission or consent to use the WAHLBURGERS Marks or the names, images, or likenesses of the Wahlberg brothers on any signage, advertising, or otherwise in connection with the sale of any food or other products at any time.

### FIRST CLAIM FOR RELIEF

(Infringement Of Plaintiff's Registered Trademarks

Under 15 U.S.C. § 1114)

(Against All Defendants)

25. Plaintiff restates, adopts, and incorporates each and every allegation in the preceding and foregoing paragraphs as though set forth fully herein.

26. Plaintiff is the owner of the United States Trademark Registration Nos. 4328948, 4794363, 4589473, and 6201702 for the trademark WAHLBURGERS, Registration Nos. 4637134, 4785703, 4785399, and 4785704 for the stylized W logo design mark, and Registration No. 4297131 for the trademark OUR FAMILY, OUR STORY, OUR BURGERS. Multiple of the WAHLBURGERS Marks have been registered for over five years and have acquired incontestable status. The WAHLBURGERS Marks are distinctive of restaurant services, among other goods and services. Throughout the years of sales and advertising by Wahlburgers, the WAHLBURGERS Marks have become distinctively associated in the minds of consumers with the high-quality food services and goods produced and sold by Wahlburgers.

27. Defendants have used the WAHLBURGERS Marks without authorization from Plaintiff for commercial restaurant services and on food goods similar or related to the food products and restaurant services offered by Plaintiff.

28. Defendants' unauthorized uses of the WAHLBURGERS Marks are likely to cause confusion in the marketplace by creating the false and mistaken impression that Defendants' goods and services are affiliated, connected or associated with, or that they originate with, or are sponsored or approved by Plaintiff. Defendants' unauthorized

uses of the WAHLBURGERS Marks are in violation of the Lanham Act, 15 U.S.C. § 1114.

29. As a proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and strength of its trademarks. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged by, without limitation, a diminution in the reputation, value and goodwill of Wahlburgers and the WAHLBURGERS Marks, in an amount to be proven at trial.

30. Defendants' unauthorized uses of the WAHLBURGERS Marks have caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Wahlburgers in various ways, including but not limited to the inability to control the impact on Plaintiff's reputation and the lack of any control over the quality and safety of Defendants' goods and services, for which Plaintiff has no adequate legal remedy. Accordingly, Plaintiff is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all of Defendants' infringing conduct.

31. As Defendants had full awareness and understanding of their infringing conduct and continue such actions regardless, the foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this case exceptional within the meaning of 15 U.S.C. § 1117.

32. Plaintiff is entitled to all remedies available under the Lanham Act, including, but not limited to, preliminary and permanent injunctions, compensatory damages, statutory damages, treble damages, disgorgement of profits, costs and attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

(False Designation Of Origin Under 15 U.S.C. § 1125(a))

(Against All Defendants)

33. Plaintiff restates, adopts, and incorporates each and every allegation in the preceding and foregoing paragraphs as though set forth fully herein.

34. Plaintiff is the owner of the United States Trademark Registration Nos. 4328948, 4794363, 4589473, and 6201702 for the trademark WAHLBURGERS, Registration Nos. 4637134, 4785703, 4785399, and 4785704 for the stylized W logo design mark, and Registration No. 4297131 for the trademark OUR FAMILY, OUR STORY, OUR BURGERS. Multiple of the WAHLBURGERS Marks have been registered for over five years and have acquired incontestable status. The WAHLBURGERS Marks are distinctive of restaurant services, among other goods and services. Throughout the years of sales and advertising by Wahlburgers, the WAHLBURGERS Marks have become distinctively associated in the minds of consumers with the high-quality food services and goods produced and sold by Plaintiff.

35. Defendants' unauthorized uses of marks identical and/or confusingly similar to the WAHLBURGERS Marks is likely to, and did, cause confusion in the marketplace by creating the false and mistaken impression that Defendants' services and/or goods originate from Plaintiff.

36. Defendants' unauthorized uses of marks identical and/or confusingly similar to the WAHLBURGERS Marks violates the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendants' unauthorized uses of marks identical and/or confusingly similar to the WAHLBURGERS Marks have caused and, if not enjoined, will continue to cause, irreparable and continuing harm to Plaintiff in various ways, including but not limited to the inability to control the impact on Plaintiff's reputation and the lack of control over the quality of Defendants' goods and services, for which Plaintiff has no adequate legal remedy. Accordingly, Plaintiff is entitled to provisional, preliminary and permanent injunctive relief to compel cessation of all of Defendants' infringing conduct.

38. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been and will continue to be damaged by, without limitation, a diminution in the reputation, value and goodwill of Plaintiff and the WAHLBURGERS Marks, in an amount to be proven at trial.

39. Defendants' unauthorized uses of marks identical and/or confusingly similar to the WAHLBURGERS Marks were and continue to be knowing, deliberate, willful, fraudulent, and without extenuating circumstances, making this an exceptional case. Plaintiff is therefore entitled to recover three times the amount of actual damages, attorneys' fees and costs incurred in this action, and Defendants' profits from their infringement of the WAHLBURGERS Marks pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

(Unfair Competition In Violation Of Cal. Bus. & Prof. Code § 17200, *et. seq*.)

(Against All Defendants)

40. Plaintiff restates, adopts, and incorporates each and every allegation in the preceding and foregoing paragraphs as though set forth fully herein.

41. California Business & Professions Code Section 17200 prohibits any unlawful, unfair, or fraudulent business act or practice. Defendants' unauthorized use of the WAHLBURGERS Marks and the names, images, and likenesses of the Wahlberg brothers for the purpose and/or with the effect of confusing the public into believing that the services being provided and goods being sold originated from or were sponsored or approved by Plaintiff, as set forth above, constitutes unlawful and unfair business practices in violation of California Unfair Business Practices Act, Cal Bus. & Prof. Code § 17200, *et seq*.

42. Plaintiff has been harmed as a direct and proximate result of Defendants' conduct in an amount to be proven at trial. Defendants' conduct has caused and, if not enjoined, will continue to cause irreparable and continuing harm to Plaintiff, for which it has no adequate legal remedy. Accordingly, Plaintiff is entitled to provisional, preliminary, and permanent injunctive relief. Plaintiff is also entitled to restitution of any and all monies improperly appropriated from Plaintiff by Defendants in connection with their wrongful conduct.

# **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. Preliminary and permanent injunctive relief enjoining Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, corporations, or other entities in active concert or participation with any of them, from:

1. Using the WAHLBURGERS Marks, as well as any other colorable imitation of the WAHLBURGERS Marks for any commercial purpose relating to food and/or restaurant services, and any other goods or services for which Plaintiff has registered its WAHLBURGERS Marks;

2. Using Plaintiff's trade names, trademarks, or service marks, or any version thereof, in connection with the description, marketing, promotion, advertising, or sale of products or services not associated with or approved by Plaintiff;

3. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (1) and (2) above.

B. An award of Plaintiff's actual damages, in an amount to be fixed by the Court in accordance with proof, as well as all of Defendants' profits or gains of any kind resulting from each cause of action, or alternatively and at Plaintiff's election, for statutory damages, and further for an order awarding treble damages and attorneys' fees, pursuant to 15 U.S.C. § 1117(b), because the acts of infringement were willful and wanton;

C. An award of pre and post judgment interest;

D. An award of all of Plaintiff's costs incurred in prosecuting this action;

E. An award of such other and further relief as the Court may deem just and proper.

77368704;2

DATED: July 24, 2024                    AKERMAN LLP

By: _____
CAROLINE H. MANKEY
CHRISTOPHER N. MCANDREW
Attorneys for Plaintiff
Wahlburgers I, LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all counts, claims, or issues in this action that are triable as a matter of right to a jury.

DATED: July 24, 2024                    AKERMAN LLP

By: _____
CAROLINE H. MANKEY
CHRISTOPHER N. MCANDREW
Attorneys for Plaintiff
Wahlburgers I, LLC